UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.  3:11-CR-49-04 |
| | ) | |
| GOREE AMELICK NJIE | ) | |

## MEMORANDUM AND ORDER

Defendant Goree Amelick Njie filed a *pro se* motion for early termination of supervised release [Doc. 138].  Mr. Njie was sentenced on April 4, 2012, to a term of imprisonment of 24 months for conspiracy to commit access device fraud in violation of 18 U.S.C. §§ 1029(a)(1) and (b)(2).  Mr. Njie was released from prison on May 9, 2012 and began a two (2) year term of supervised release.  In support of his motion, Mr. Njie notes that he complied with all the conditions of his pretrial release, that he received a downward departure on his sentence due to his good behavior and acceptance of responsibility, and that he was permitted to self- surrender to prison.  Mr. Njie states that he had no infractions while incarcerated other than not passing a room inspection on one occasion.  Since he has been on supervised release, Mr. Njie states that he has complied with all the restrictions placed on him, he has paid the restitution in full, and he has maintained gainful employment.  Mr. Njie has requested that the remainder of his term of supervised release, currently set to end on January 14, 2016, be terminated so he can "take advantage of certain employment opportunities that would require me to travel outside of my restricted jurisdiction."  Mr. Njie states that he would like to enter the

energy/oil and gas field because there are many good paying jobs that give convicted felons a chance and he would like to be able to provide for his family.

The government has filed a response in opposition to Mr. Njie's motion [Doc. 139] on the grounds that mere compliance with the terms of his supervised release does not warrant early termination, which is only appropriate in rare circumstances when general punishment goals would be better served by early termination. The government notes the seriousness of Mr. Njie's offense and the scope of the fraud committed. The government also notes that Mr. Njie's current probation officer has advised that Mr. Njie has missed one drug screen, tested positive for opiates on one occasion, and failed to timely submit his monthly reports. The government further notes, if Mr. Njie has a legitimate need to travel, that could be accommodated by modifying the terms of his supervised release.

Mr. Njie's current probation officer, Mr. Stan Tinsley, has advised the undersigned that he has been supervising Mr. Njie since December 2014 when he moved to Atlanta from Louisiana. Mr. Tinsley reports that Mr. Njie has maintained steady employment and has not been arrested. He further reports that the case file indicates Mr. Njie did well under supervision with no significant violations prior to his transfer to Atlanta. However, Mr. Tinsley reports that Mr. Njie is not current with his monthly supervision reports and he has missed one drug screen. Thus, Mr. Tinsley does not recommend Mr. Njie for early termination of supervised release.

A request for early termination of supervised is reviewed pursuant to 18 U.S.C. § 3583(e)(1) which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) do not support an early termination of defendant's supervised release. While Mr. Njie has generally complied with the terms of his supervised release, *see* 18 U.S.C. § 3553(a)(1), and has paid the restitution ordered, *see* 18 U.S.C. § 3553(a)(7), it appears that he has missed one drug screen, he has tested positive for opiates on one occasion, and he has failed to timely submit his monthly reports. If Mr. Njie's primary concern is to obtain employment outside his current jurisdiction, he can discuss this with Mr. Tinsley and attempt to obtain a modification of the terms of his supervised release. On balance, it appears to the Court that a continued period of supervised release is necessary to deter Mr. Njie and protect the public from further criminal conduct. Accordingly, for all of these reasons, Mr. Njie's motion for early termination of supervised release [Doc. 139] is **DENIED**.

IT IS SO ORDERED.

    s/ Thomas W. Phillips
    SENIOR UNITED STATES DISTRICT JUDGE

3